UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| MARINE CARPENTERS PENSION FUND,<br><br>                    Plaintiff,<br><br>            v.<br><br>MARINE INDUSTRIES NORTHWEST, INC.,<br><br>                    Defendant. | Cause No. 16-cv-5306<br><br>COMPLAINT FOR MONETARY DAMAGES |

## I. PARTIES

1.1     Plaintiff Marine Carpenters Pension Fund is a Taft-Hartley trust fund established for the purpose of providing pension benefits for employees and dependents upon the retirement or death of employees. The Marine Carpenters Pension Fund maintains its principal office in Oakland, Alameda County, California.

1.2     Defendant Marine Industries Northwest, Inc. ("MINI") is a Washington corporation with its principal place of business in Tacoma, Pierce County, Washington.

## II. JURISDICTION AND VENUE

2.1     This Court has jurisdiction pursuant to §4301(c) of the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. §1451(c).

2.2     Venue in this Court is proper pursuant to §4301(d) ERISA, codified at 29 U.S.C. §1451(d), as defendant MINI, at all relevant times, resides and conducts business in this district.

COMPLAINT FOR MONETARY DAMAGES – 1
16-cv-5306

EKMAN THULIN, P.S.
ATTORNEYS AT LAW
220 WEST MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119-3966
(206) 282-8221

### III. FACTS

3.1    On or about March 27, 2008, MINI entered into a successor master labor agreement (the "Master Labor Agreement") with the Puget Sound Metal Trades Council, effective July 1, 2007 through June 30, 2010. At the time the master labor agreement was executed, at least eight different unions in the building and construction trades were part of the Puget Sound Metal Trades Council bargaining group, including the Pacific Northwest Regional Council of Carpenters. The Master Labor Agreement contains an evergreen clause.

3.2    Contemporaneous with the execution of the Master Labor Agreement, MINI executed a supplemental labor agreement (the "Supplemental Labor Agreement") with the Pacific Northwest Regional Council of Carpenters (the "Union"). The Supplemental Labor Agreement superseded certain, specific provisions of the Master Labor Agreement for carpenters performing covered work for MINI within the Union's jurisdiction.

3.3    The Master Labor Agreement obligated MINI to pay into jointly administered healthcare and pension funds as may be allocated by the local unions signatory to the Master Labor Agreement and comprising the Puget Sound Metal Trades Council. For MINI's carpenter employees, the company was obligated to contribute to the Marine Carpenters Pension Fund.

3.4    Upon information and belief, MINI reported and paid fringe benefit contributions to the Marine Carpenters Pension Fund for at least the period April 1, 1998 through March 31, 2010.

3.5    MINI ceased all covered operations in 2010 upon a sale of its assets to Vigor, resulting in a complete withdrawal from the Marine Carpenters Pension Fund as defined and set forth in §4203(a) ERISA, codified at 29. U.S.C. §1383(a).

COMPLAINT FOR MONETARY DAMAGES – 2
16-cv-5306

EKMAN THULIN, P.S.
ATTORNEYS AT LAW
220 WEST MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119-3966
(206) 282-8221

3.6     MINI's complete withdrawal incurred withdrawal liability to the MCPF. On January 27, 2011, the Marine Carpenters Pension Fund notified MINI in writing that the company was liable for $509,893.00 in pension contributions, payable in lump sum, or by quarterly payments of $11,632.00.

3.7     MINI has not tendered any payment whatsoever to the Marine Carpenters Pension Fund in order to satisfy its withdrawal liability obligations.

3.8     No arbitration proceeding was initiated by either MINI or the Marine Carpenters Pension Fund.  However, MINI has negotiated with the Marine Carpenters Pension Fund and three other Taft-Hartley trust funds asserting withdrawal liability claims.  The negotiations have not resulted in a resolution of the dispute.

3.9     Because MINI has not tendered any payment, the company is in default and the entire $509,893.00 amount is immediately due.

3.10    MINI's default also subjects it to liquidated damages, interest, attorney fees, and costs of collection.

## IV.  CAUSE OF ACTION

### First Cause of Action
### (Violation of ERISA)

4.1     Plaintiff realleges each and every allegation contained in ¶¶3.1 – 3.10, above.

4.2     MINI is an employer as defined by §3(5) ERISA, codified at 29 U.S.C. §1002(5).

4.3     MINI's failure to make payment of its withdrawal liability is a violation of §§4301, 515 ERISA, codified at 29 U.S.C. §§1451(b), 1145.

4.4     As a result of MINI's violation, the Marine Carpenters Pension Fund has been damaged in an amount to be proven at trial, but not less than $509,893.00, subject to any limitations imposed by §4225(b) ERISA, codified at 29 U.S.C. §1405(b).

COMPLAINT FOR MONETARY DAMAGES – 3
16-cv-5306

EKMAN THULIN, P.S.
ATTORNEYS AT LAW
220 WEST MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119-3966
(206) 282-8221

## V.  REQUESTED RELIEF

Plaintiff Marine Carpenters Pension Fund respectfully requests the Court grant the following:

A. Judgment in favor of the Marine Carpenters Pension Fund against MINI, in an amount to be determined at trial, but not less than $509,893.00, representing past-due withdrawal liability payments owed by defendant;

B. Judgment in favor of the Marine Carpenters Pension Fund against MINI in an amount to be determined at trial, but not less than $101,978.60, representing liquidated damages on the unpaid withdrawal liability assessment, at the twenty percent (20%) rate specified in the Marine Carpenters Pension Fund trust agreement, pursuant to 29 U.S.C. §1132(g);

C. Judgment in favor of the Marine Carpenters Pension Fund against MINI, in an amount to be determined at trial, representing accrued prejudgment interest on all liquidated sums owed by defendant through the date of this complaint, pursuant to 29 U.S.C. §1132(g);

D. An award of post-judgment interest on all liquidated sums owed by defendant, pursuant to 29 U.S.C. §1132(g);

E. An award of attorney fees and costs to the Marine Carpenters Pension Fund, pursuant to 29 U.S.C. §§1132(g), 1451(c); and

F. Any other such relief under federal law or as is just and equitable.

Dated: April 22, 2016.

Jeffrey G. Maxwell, WSBA #33503
Ekman Thulin, P.S.
220 W Mercer Street, Suite 400
Seattle, Washington 98119
(206) 282-8221 (t)
(206) 285-4587 (f)
j.maxwell@ekmanthulin.com

Attorneys for Plaintiff Marine Carpenters Pension Fund

COMPLAINT FOR MONETARY DAMAGES – 4
16-cv-5306

**EKMAN THULIN, P.S.**
ATTORNEYS AT LAW
220 WEST MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119-3966
(206) 282-8221